UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6054-CR-DIMITROULEAS

MAGISTRATE JUDGE SNOW

UNITED STATES OF AMERICA,  :

    Plaintiff,  :

v.  :

BARON GOODRIDGE,  :

    Defendant.  :
_____/

## DEFENDANT GOODRIDGE'S MOTION FOR DOWNWARD DEPARTURE

Defendant. Baron Goodridge. through counsel, respectfully objects to Paragraph 11 of the Presentence Investigation Report prepared in this case. in that it fails to accord a downward adjustment for role in the offense, and in support states as follows:

The Defendant's role in this offense was to introduce the informant to someone who may be able to "hook him up with cocaine." While at work, Baron Goodridge received a telephone call from an acquaintance of his brother. The Defendant was contacted by "Billy Rae," the brothers acquaintance, who requested a meeting. The Defendant, thinking that the "meet" was regarding something that may assist his brother (who is incarcerated), agreed to the meeting.

At this meeting, Billy Rae inquired as to whether the Defendant knew of anyone who would sell cocaine. Defendant Baron Goodridge introduced him to an individual by the name of Johnny



Richman. Mr. Richman was the individual who made the arrangements for co-defendants to purchase the cocaine. Mr. Richman was extremely fortunate. Though he was crucial to hatching the conspiracy, he was never arrested.

Baron Goodridge's involvement was limited to making the initial introduction. He was also present at the location of the delivery. The Defendant was sitting in the front seat of an automobile at the time of the delivery. He did not participate in the negotiations between the co-defendants and law enforcement. He was not going to receive any of the narcotic for distribution. He rode in the car to the location and observed. When he saw what was transpiring, he fled in the automobile and was apprehended a short distance later. He was stopped by law enforcement who was present at the scene of the narcotic exchange. Defendant Goodridge suggests that these facts support a reduction of four, three or two levels for role in the offense.

Section 3B1.2 of the Federal Sentencing Guidelines reads, in pertinent part, as follows:

(a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.

(b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels.

In cases falling between (a) and (b), decrease by 3 levels.

Defendant Goodridge made one introduction at the outset of this criminal activity. He did not play a decision making role in this matter, nor was he involved in making any plans for setting up the meeting. All negotiations that took place between the Co-Defendants and law enforcement did not involve Defendant Goodridge.

The commentary to U.S.S.G. § 3B1.2, explains that the "minimal participant" provision "is intended to cover defendants who are plainly among the least culpable of those in the conduct of a

2

group. . . . It would be appropriate, for example, . . . in a case where an individual was recruited as a courier for a single smuggling transaction involving a small amount of drugs." U.S.S.G. § 3B1.2, comment (n.1 & 2). While courier status alone does not compel a finding that the defendant was a minor or minimal participant, United States v. Velosa, 83 F.3d 380, 382 (11th Cir. 1996), such a finding is certainly permissible. "[T]he fact that a courier plays an essential role in an importation scheme does not alone necessarily preclude her from receiving a reduction for a minor role. . . . Indeed, the guidelines provide as much." Id.

The fundamental holding of Veloza was reiterated in United States v. DeVaron, (175 F.3d 930 (11th Cir. 1999) (en banc). "Simply put," the Court explained, "the drug courier may or may not qualify for a minor role reduction." Id. at 942. The decision rests with the discretion of the sentencing court, and appellate courts will accord "deference to the district court's discretion in this uniquely fact-intensive inquiry." Id. at 940. Accordingly, a sentencing court's determination will be disturbed on appeal only where there is clear error. Id. at 938.

DeVaron directs a sentencing court considering a mitigating role adjustment to look to two principles: "first, the defendant's role in the relevant conduct for which he has been held accountable at sentencing, and, second, her role as compared to that of other participants in her relevant conduct." Id. at 940.

The first principle simply requires the sentencing court "to measure the defendant's role against the relevant conduct for which he has been held accountable." Id. A mitigating role adjustment may not be determined with reference to some larger conspiracy, whether charged or not, but must be confined to the relevant conduct for which the defendant has been held responsible. Id. at 942. In this context, the amount of drugs involved in the relevant conduct "is a material

3

consideration in assessing a defendant's role in his relevant conduct." Id.

The second guiding principle espoused in DeVaron "is that the district court may also measure the defendant's culpability in comparison to that of other participants in the relevant conduct." Id. at 944. This, again is a fact-intensive inquiry," as the sentencing court must weigh the defendant's conduct against the conduct of other identifiable participants in the relevant conduct attributed to the defendant. Id. If the court determines that the defendant was less culpable than most other participants in the relevant conduct, a downward departure is warranted. Id.

Mitigating role adjustments have been awarded to a variety of individuals with significant, active participation in drug offenses. See, e.g., United States v. Vega-Encarnacion, 914 F.2d 20, 23, 25 (1st Cir. 1990), *cert. denied sub nom*, Cruz-Rozario v. United States, 499 U.S. 977 (1991) (defendant solicited drug buyer and threatened to kill an individual who appeared to be a police officer, but was still granted a minor role); United States v. Hagan, 913 F.2d 1278, 1283 (7th Cir. 1990) (defendant lived on the farm where 60,000 marijuana plants were cultivated, weeded the plants, and had knowledge of the plants' nature still a minor participant); United States v. Garvey, 905 F.2d 1144,1146 (8th Cir. 1990) (minor participant status for a defendant who sold 9.13 kilograms of hashish oil and had prior drug activity); United States v. Davis, 878 F.2d 1299, 1300 (11th Cir.), *cert. denied*, 493 U.S. 941 (1989) (defendant's full "understanding of the scope and nature of the enterprise" made her role minor rather than minimal in the possession of over 500 grams of cocaine).

If not a minimal participant, Defendant Goodridge played no more than a minor role in this offense. The Sentencing Commission intended that the "minor participant" role apply to "any participant who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, comment (n.3). Defendant Goodridge was certainly less culpable

4

than the other participants in this offense. He pled guilty to one count of conspiracy to possess with intent to distribute. His participation was limited in that he introduced the money person to someone who had access to a cocaine source. He did not negotiate the delivery, nor did he negotiate the distribution. Additionally he was present at the time of the alleged delivery. He remained in the car, while co-defendants negotiated the sale. Had the Defendant not panicked and fled, it is conceivable that he would not have been indicted.

For all the reasons set forth above, Defendant Baron Goodridge asks the Court to grant a four level downward adjustment of his offense level to reflect his minimal role in the offense. In the alternative, Defendant requests a three level adjustment to reflect a role that is between a minimal and minor role. The last alternative would be a two level reduction as a minor participant.

        Respectfully submitted,

        KATHLEEN M. WILLIAMS
        FEDERAL PUBLIC DEFENDER

By: *[signature]*
        Robert N. Berube
         Supervisory Assistant
        Federal Public Defender
        Florida Bar No. 304247
        Attorney for Defendant
        101 N.E. 3rd Avenue, Suite 202
        Fort Lauderdale, Florida 33301
        (954) 356-7436 / (Fax) 356-7556

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the aforementioned motion was mailed on this __14__ day of July, 2000, to Robin Rosenbaum , Assistant United States Attorney, at 299 East Broward Boulevard, Fort Lauderdale, Florida 33301, and faxed to Michael G. Oliveri, United States Probation Officer, Room 315, U.S. Courthouse, 300 N.E. First Avenue, Miami, Florida 33132-2126. A copy will also be hand delivered to Mr. Oliveri on Friday, July 14, 2000.

Robert N. Berube

S:\BERUBE\Motions\goodridge 2down.wpd